UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| **SECURITY WATCH ALERT TEAM, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**STATE OF INDIANA,**<br>**GREG ZOELLER,**<br>In his capacity as Indiana Attorney General,<br>**OFFICE OF THE INDIANA**<br>**ATTORNEY GENERAL,**<br><br>  Defendants. | Civil Action No.:_____<br><br><br>**JURY TRIAL REQUESTED.** |

## COMPLAINT

1. The Plaintiff, SECURITY WATCH ALERT TEAM LLC, moves the Court for entry of judgment in its favor against the State of Indiana and its Attorney General, Greg Zoeller, and the Office of the Indiana Attorney General, and in support of such Complaint avers as follows:

NATURE OF ACTION AND JURISDICTION

2. This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the

1

United States; denying the Plaintiff Due Process; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

3. This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

4. Plaintiff brings this action resulting from damages incurred due to agents and or employees of the Office of Attorney General's intentional interference with contractual relationships between the Plaintiff and its customers.

5. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; evidence and employment records relevant to the allegations are maintained in this judicial district; Plaintiff would be operating in this judicial district but for the unlawful actions and practices of the Defendants; and the Office of the Indiana Attorney General is present and regularly conducts affairs in this judicial district.

## PARTIES

6. Plaintiff SECURITY WATCH ALERT TEAM LLC, is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business being Fishers, Indiana.

7. Defendant GREG ZOELLER is the elected Attorney General of the State of Indiana.

8. The OFFICE OF THE ATTORNEY GENERAL is an agency of the State of Indiana under and a "person" subject to suit within the meaning of 42 U.S.C. Section 1983.

9. At all times relevant, Defendants acted under color of state law.

## FACTS

10. Plaintiff is an Indiana limited liability company that, at the times complained of herein, provided security guard and video surveillance (monitoring) services for commercial and residential real estate.

11. On or about January 6, 2015, the Indiana Attorney General's office filed a complaint against the Plaintiff before the Indiana Private Investigator & Security Guard Licensing

Board, reciting a number of complaints from the Plaintiff's business competitors (none from the Plaintiff's customers).

12. An "emergency hearing" was scheduled before the Private Investigator & Security Guard Licensing Board ("Board") for January 14, 2015, giving the Plaintiff less than four days to prepare for the hearing. Plaintiff's counsel was unable to attend the short-notice hearing and sought a continuance. These requests were denied and the hearing proceeded.

13. The Board ruled against the Plaintiff and suspended its security guard license. The Board subsequently found that it lacked statutory oversight concerning the Plaintiff's video surveillance business.

14. On information and belief, agents and/or employees of the Indiana Attorney General's office initiated a campaign to discredit and defame the Plaintiff. This included direct communication with the Plaintiff's video surveillance customers and tactics of threat or intimidation to harm the Plaintiff's contractual relationships with its customers.

15. As a direct and proximate result of the actions taken by the Indiana Attorney General's Office, the Plaintiff suffered monetary damages, including loss of business and termination of recurring monthly contracts.

CAUSES OF ACTION
COUNT ONE
Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988 Deprivation of Due Process
(Against all Defendants)

16. The foregoing allegations are incorporated as if re-alleged herein.

17. In its active campaign to shut down the Plaintiff's video surveillance business, over which it had no statutory oversight or authority, the Office of the Indiana Attorney General, by its agents and/or employees, did deny the Plaintiff Due Process of Law.

18. Defendants acted maliciously, intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

19. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Murmer has suffered severe and substantial damages. These damages include lost income, lost business opportunities, litigation expenses including attorney fees, loss of reputation, inconvenience, and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT TWO
### Defamation
### (Against all Defendants)

20. The foregoing allegations are incorporated as if re-alleged herein.

21. The Defendants' conduct in contacting the Plaintiff's customers and publishing falsehoods concerning the Plaintiff's legal status to conduct a video surveillance business, threatening and intimidating the Plaintiff's customers to terminate contractual relationships with the Plaintiff, and malicious pursuit of the Plaintiff's demise constitute actionable defamation under Indiana Law.

22. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered severe and substantial damages. These damages include lost income, lost business opportunities, litigation expenses including attorney fees, loss of reputation, inconvenience, and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT THREE
### Defamation Per Se
### (Against all Defendants)

23. The foregoing allegations are incorporated as if re-alleged herein.

24. The Defendants' conduct in contacting the Plaintiff's customers and publishing falsehoods concerning the Plaintiff's occupational misconduct in the operating a video surveillance business constitutes actionable defamation per se under Indiana law.

25. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered severe and substantial damages. These damages include lost income, lost business opportunities, litigation expenses including attorney fees, loss of reputation, inconvenience, and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT FOUR
### Defamation
### (Against all Defendants)

26. The foregoing allegations are incorporated as if re-alleged herein.

27. The Defendants' conduct in contacting the Plaintiff's customers and publishing falsehoods concerning the Plaintiff's legal status to conduct a video surveillance business, threatening and intimidating the Plaintiff's customers to terminate contractual relationships with the Plaintiff, and malicious pursuit of the Plaintiff's demise constitute tortious interference with contractual relationships under Indiana Law.

28. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered severe and substantial damages. These damages include lost income, lost business opportunities, litigation expenses including attorney fees, loss of reputation, inconvenience, and other compensatory damages, in an amount to be determined by a jury and the Court.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests judgment against Defendants as follows:

    A.    For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants.

    B.    For appropriate compensatory damages in an amount to be determined at trial;

    C.    For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect Plaintiff's, or others', business opportunities;

    D.    For an award of reasonable attorney's fees and his costs on his behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988; and

    E.    For such other and further relief to which Plaintiff may show himself justly entitled.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 14th day of December, 2016.

*/s/ Thomas B. O'Farrell*
Thomas B. O'Farrell

**McCLURE │O'FARRELL**
5570 Pebble Village Lane
Suite 300
Noblesville, Indiana 46062-7409
(317) 867-4131
Attorney for Plaintiff