# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SECURITY WATCH ALERT TEAM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-00003-SEB-MPB |
| | ) | |
| STATE OF INDIANA, | ) | |
| CURTIS T. HILL, JR., | ) | |
| in his official capacity as Indiana | ) | |
| Attorney General, | ) | |
| OFFICE OF THE INDIANA | ) | |
| ATTORNEY GENERAL, | ) | |
| DEREK R. PETERSON, | ) | |
| ED HUTCHISON, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND STATEMENT OF DEFENSES

Defendants, Derek R. Peterson and Ed Hutchison,[1] by counsel, the Office of the Indiana Attorney General, for their answer to Plaintiff's First Amended Complaint, state as follows:

1. No response is required as paragraph 1 of the Complaint does not contain any allegations.

    To the extent that allegations exist, Defendants deny them.

### NATURE OF ACTION AND JURISDICTION

2. No response is required as paragraph 2 of the Complaint does not contain any allegations.

    To the extent that allegations exist, Defendants deny them.

---

[1] Neither Derek R. Peterson nor Ed Hutchison has received a summons in this matter.  Plaintiff filed proposed summons on June 14, 2017, and the Clerk issued them to Plaintiff on June 16, 2017, for service on defendants.  The absence of served summons has been communicated to Plaintiff.  While the Office of the Indiana Attorney General is ordinarily reluctant or unable to represent defendants who have not been served summons, it is forging ahead here to allow the case to move forward.

3. Defendants deny that this action is properly before this Court and therefore deny the allegations in paragraph 3 of the Complaint.

4. No response is required as paragraph 4 of the Complaint does not contain any allegations. To the extent that allegations exist, Defendants deny them.

5. Defendants admit that the Office of the Indiana Attorney General fulfils its statutory duties in this judicial district. Defendants deny that this action is properly before this Court, however, and therefore deny any remaining allegations in paragraph 5 of the Complaint.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendants admit that Curtis T. Hill, Jr. is the elected Attorney General of the State of Indiana.

8. Defendants admit that Derek R. Peterson and Ed Hutchison were employees of the Office of the Indiana Attorney General at the times relevant to the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. No response is required as paragraph 10 of the Complaint does not contain any allegations. To the extent that allegations exist, Defendants deny them.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

## FACTS

12. Defendants admit that Plaintiff's security guard agency license was suspended on January 28, 2015, made effective January 14, 2015. To the extent that any allegations remain in paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of them.

13. Defendants admit that the Office of the Indiana Attorney General filed a Petition for Summary Suspension against Plaintiff before the Indiana Private Investigator and Security Guard Licensing Board (hereafter "Board") on or about January 6, 2015. To the extent that any allegations remain in paragraph 13 of the Complaint, Defendants deny them.

14. Defendants admit that a hearing was scheduled before the Board on January 14, 2015, which was attended by Plaintiff, where Plaintiff's security guard agency license was suspended. To the extent that any allegations remain in paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of them.

15. Defendants admit that the Board suspended Plaintiff's security guard agency license. To the extent that any allegations remain in paragraph 15 of the Complaint, Defendants deny them.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

## COUNT ONE

18. The foregoing responses are incorporated as if re-alleged herein.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

## COUNT TWO

22. The foregoing responses are incorporated as if re-alleged herein.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

## COUNT THREE

25. The foregoing responses are incorporated as if re-alleged herein.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

## COUNT FOUR

28. The foregoing responses are incorporated as if re-alleged herein.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

Defendants deny all allegations not specifically admitted.

## STATEMENT OF DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, for their defenses to the Complaint, Defendants state as follows:

1. Plaintiff lacks standing.

2. Plaintiff is not the real party in interest.

3. Plaintiff has contractually waived or ceded the right to sue Defendants regarding the allegations in the Complaint or is lawfully prohibited from doing so.

4. The Complaint fails to state a claim upon which relief can be granted.

5. The Complaint fails to state an actionable claim for relief under 42 U.S.C. § 1983.

6. Defendants as named in the Complaint are not "persons" subject to suit under 42 U.S.C. § 1983.

7. Defendants are entitled to qualified immunity from damages under 42 U.S.C. § 1983 with respect to the claims for damages by Plaintiff based upon federal constitutional principles or federal law because their actions were objectively

reasonable and did not violate clearly established principles of law.

8. Defendants are immune from all claims for damages because they have not violated clearly established rights of which a reasonable person would have known.

9. The Complaint is barred for failure to comply with the notice or procedural requirements of the Indiana Tort Claims Act.

10. Defendants are entitled to immunity under the Indiana Tort Claims Act.

11. Plaintiff has not properly established the foundation to sue Defendants pursuant to Indiana Code section 34-13-3-5.

12. Defendants are entitled to immunity pursuant to Indiana Code section 34-13-3-5.

13. Defendants are entitled to immunity for any act or omission of anyone other than them pursuant to Indiana Code section 34-13-3-3(10).

14. Defendants were not the proximate cause of Plaintiff's damages, if any exist.

15. Any actions taken by Defendants with respect to Plaintiff's allegations were taken for legitimate reasons.

16. Defendants are immune to any claim for punitive damages pursuant to Indiana Code section 34-13-3-4.

17. Plaintiff's contributory fault or negligence bars any relief.

18. Plaintiff has failed to mitigate its damages.

19. The cause of action herein is moot.

Defendants also give notice that they intend to rely on such other defenses as may become available by law, or under statute, or that may become evident during the discovery proceedings of this case, and reserve the right to amend their answers and include any such defenses. Defendants may assert affirmative defenses at any time such defenses become apparent.

WHEREFORE, Defendants respectfully request that Plaintiff take nothing by way of the Complaint; that judgment be entered in favor of Defendants and against Plaintiff; and that the Court grant Defendants all other relief that is just and proper.

    Respectfully Submitted,

    CURTIS T. HILL, JR.,
    Attorney General of Indiana
    Attorney No.: 13999-20

By:   *s/ Winston Lin*
    Winston Lin
    Deputy Attorney General
    Attorney No. 29997-53

## **CERTIFICATE OF SERVICE**

I certify that on July 17, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF system. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

    Thomas B. O'Farrell
    ecf@mcclureofarrell.net

    *s/ Winston Lin*
    Winston Lin
    Deputy Attorney General

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-5365
Facsimile: (317) 232-7979
E-mail: winston.lin@atg.in.gov